```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF TENNESSEE
                        EASTERN DIVISION
```

|                              |   |                          |
|------------------------------|---|--------------------------|
| DOROTHY LIPSON,              | ) |                          |
|                              | ) |                          |
|     Plaintiff, | ) |                    |
|                              | ) | No. 11-cv-01117-JDB-egb  |
|                              | ) |                          |
| vs.                          | ) |                          |
|                              | ) |                          |
| CITY OF JACKSON, TENNESSEE,  | ) |                          |
|                              | ) |                          |
|     Defendant. | ) |                    |

```
                       ORDER OF DISMISSAL
         ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
                              AND
                 NOTICE OF APPELLATE FILING FEE
```

On May 6, 2011, Plaintiff, Dorothy Lipson filed this complaint against the City of Jackson, Tennessee ("City") and paid the filing fee. (Docket Entry ("D.E.") 1, D.E. 2.) Lipson brings this action under the Tennessee Governmental Tort Liability Act ("TGTLA"), Tenn. Code Ann. § 29-20-205.

According to the Sixth Circuit, "a district court may not sua sponte dismiss a complaint where the filing fee has been paid unless the court gives the plaintiff the opportunity to amend the complaint." Apple v. Glenn, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam), cert. denied, 528 U.S. 1198, 120 S. Ct. 1263, 146 L. Ed. 2d 118 (2000); see also Benson v. O'Brian, 179 F.3d 1014 (6th Cir. 1999). An exception to this general rule permits a district court

to dismiss a complaint "for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." Apple, 183 F.3d at 478 (citing Hagans v. Lavine, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 1379, 39 L. Ed. 2d 577 (1974)).

That a litigant is proceeding pro se or is a prisoner does not absolve her from the requirements of the Federal Rules of Civil Procedure. As the Sixth Circuit has explained:

> Before the recent onslaught of pro se prisoner suits, the Supreme Court suggested that pro se complaints are to be held to a less stringent standard than formal pleadings drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972) (per curiam). Neither that Court nor other courts, however, have been willing to abrogate basic pleading essentials in pro se suits. See, e.g., id. at 521, 92 S. Ct. at 596 (holding petitioner to standards of Conley v. Gibson); Merritt v. Faulkner, 697 F.2d 761 (7th Cir.) (duty to be less stringent with pro se complaint does not require court to conjure up unplead allegations), cert. denied, 464 U.S. 986, 104 S. Ct. 434, 78 L. Ed. 2d 366 (1983); McDonald v. Hall, 610 F.2d 16 (1st Cir. 1979) (same); Jarrell v. Tisch, 656 F. Supp. 237 (D.D.C. 1987) (pro se plaintiffs should plead with requisite specificity so as to give defendants notice); Holsey v. Collins, 90 F.R.D. 122 (D. Md. 1981) (even pro se litigants must meet some minimum standards).

Wells v. Brown, 891 F.2d 591, 594 (6th Cir. 1989), reh'g denied (Jan. 19, 1990); see also Payne v. Sec'y of the Treasury, 73 F. App'x 836, 837 (6th Cir. 2003) (affirming sua sponte dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2); "Neither this court nor the district court is required to create Payne's claim for

her."); Lindsay v. Owens Loan, No. 08-CV-12526, 2008 WL 2795944, at *2 (E.D. Mich. July 18, 2008) ("While pro se litigants should not be held to the same stringent standard as licensed attorneys who draft formal pleadings, it is also not the role of the court to speculate about the nature of the claims asserted." (citations omitted)); Reeves v. Ratliff, No. Civ.A.05CV112-HRW, 2005 WL 1719970, at *2 (E.D. Ky. July 21, 2005) ("Judges are not required to construct a [pro se] party's legal arguments for him."); United States v. Kraljevich, No. 02-40316, 2004 WL 1192442, at *3 (E.D. Mich. Apr. 15, 2004); cf. Pliler v. Ford, 542 U.S. 225, 231, 124 S. Ct. 2441, 2446, 159 L. Ed. 2d 338 (2004) ("District judges have no obligation to act as counsel or paralegal to pro se litigants.").

The first issue is whether this Court has subject-matter jurisdiction over this action. "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994) (citations omitted); see also Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 541, 106 S. Ct. 1326, 1331, 89 L. Ed. 2d 501 (1986) ("Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by

Congress pursuant thereto."), reh'g denied (May 19, 1986); Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 701, 102 S. Ct. 2099, 2104, 72 L. Ed. 2d 492 (1982) ("Federal courts are courts of limited jurisdiction. The character of the controversies over which federal judicial authority may extend are delineated in Art. III, § 2, cl. 1. Jurisdiction of the lower federal courts is further limited to those subjects encompassed within a statutory grant of jurisdiction."); Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 374, 98 S. Ct. 2396, 2403, 57 L. Ed. 2d 274 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction."). Federal courts are obliged to act sua sponte whenever a question about jurisdiction arises. See, e.g., Ins. Corp. of Ireland, Ltd., 456 U.S. at 702, 102 S. Ct. at 2104 ("[A] court, including an appellate court, will raise lack of subject-matter jurisdiction on its own motion."); St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 287 n.10, 58 S. Ct. 586, 589 n.10, 82 L. Ed. 845 (1938); Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd., 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue sua sponte"). Under Fed. R. Civ. P. 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Pursuant to Rule 8(a)(1), "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the

grounds for the court's jurisdiction . . . ." Plaintiff's claims against the defendant are insufficient as a matter of law.

Lipson alleges that the City of Jackson Environmental Court directed her to repair the roof and porch of her home, however, the Jackson Building and Codes Director negligently denied a work permit for the repairs. (D.E. 1 at 2.) She also claims that she was denied due process under the Fourteenth Amendment when the denial of the work permit resulted in the condemnation of her property during a Madison County Circuit Court hearing on January 14, 2011. (Id.)

> The TGTLA, provides in pertinent part:
>
> The circuit courts shall have exclusive original jurisdiction over any action brought under this chapter . . . provided, that in counties having a population of more than eight hundred fifty thousand (850,000), according to the 2000 federal census or any subsequent federal census, the general sessions court shall have concurrent original jurisdiction with such circuit court . . . ."

Tenn. Code Ann. § 29-20-307. In this instance, the Tennessee legislature expressed a clear preference that governmental tort claims be handled by its own state courts. This unequivocal preference of the Tennessee legislature is an exceptional circumstance for declining jurisdiction. Beddingfield v. City of Pulaski, Tenn., 666 F. Supp. 1064, 1066-67 (M.D. Tenn. 1987). Accordingly, this Court declines to exercise jurisdiction over any negligence claims brought under the Tennessee statute. The Court sua sponte DISMISSES those claims without prejudice.

Plaintiff's claims do not appear to be cognizable under 42 U.S.C. § 1983. In Parratt v. Taylor, 451 U.S. 527, 101 S. Ct. 1908, 68 L. Ed. 2d 420 (1981), the Supreme Court held that a negligent deprivation of personal property by state officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. Davidson v. Cannon, 474 U.S. 344, 347, 106 S. Ct. 668, 670, 88 L. Ed. 2d 677 (1986), and Daniels v. Williams, 474 U.S. 327, 328, 106 S. Ct. 662, 663, 88 L. Ed. 2d 662 (1986), held that "the Due Process Clause [of the Fourteenth Amendment] is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to . . . property." Hudson v. Palmer, 468 U.S. 517, 533, 104 S. Ct. 3194, 3204, 82 L. Ed. 2d 393 (1984), held that even an intentional deprivation of personal property by governmental officials is not actionable under § 1983 if the state provides an adequate remedy for that deprivation. See also Smith v. Rose, 760 F.2d 102, 106 (6th Cir. 1985); Brooks v. Dutton, 751 F.2d 197, 198-99 (6th Cir. 1985).

Here, Lipson had the right to contest her citation by the Environmental Court and to seek judicial review of that proceeding. She admits that she received judicial review of the condemnation during proceedings in Madison County Circuit Court. Notwithstanding any failure of Plaintiff to avail herself of her appellate remedies, city and state law provisions satisfied her due process rights.

The United States Supreme Court is the only federal court with jurisdiction to review any state court decision. Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 482, 103 S. Ct. 1303, 1311, 1315, 75 L. Ed. 2d 206 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923). "Under the Rooker-Feldman doctrine, a litigant who loses in state court may not seek 'what in substance would be appellate review of the state judgment in the United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'" Kafele v. Lerner, Sampson & Rothfuss, L.P.A., 161 F. App'x 487, 489 (6th Cir. 2005) (per curiam); see also Lance v. Dennis, 546 U.S. 459, 463, 126 S. Ct. 1198, 1201, 163 L. Ed. 2d 1059 (2006) (per curiam) ("[U]nder what has come to be known as the Rooker-Feldman doctrine, lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments."); Exec. Arts Studio, Inc. v. City of Grand Rapids, 391 F.3d 783, 793 (6th Cir. 2004) (same), reh'g en banc denied (Feb. 25, 2005); Howard v. Whitbeck, 382 F.3d 633, 638 & n.3 (6th Cir. 2004) (same); cf. Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S. Ct. 1517, 1521-22, 161 L. Ed. 2d 454 (2005) (holding that the Rooker-Feldman doctrine applies only to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district-court proceedings commenced and inviting district court review and rejection of those judgments").

> The doctrine applies "only when a plaintiff complains of injury from the state court judgment itself." Coles v. Granville, 448 F.3d 853, 858 (6th Cir. 2006). "If the source of the injury is the state court decision, then the Rooker-Feldman doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." McCormick v. Braverman, 451 F.3d 382, 393 (6th Cir. 2006). Additionally, the Rooker-Feldman doctrine "does not prohibit federal district courts from exercising jurisdiction where the plaintiff's claim is merely a general challenge to the constitutionality of the state law applied in the state action, rather than a challenge to the law's application in a particular state case." Hood v. Keller, 341 F.3d 593, 597 (6th Cir. 2003).

Abbott v. Michigan, 474 F.3d 324, 328 (6th Cir. 2007). In this case, Lipson's complaint of due process violations is barred by the Rooker-Feldman doctrine.

Furthermore, "federal courts have no authority to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties." Haggard v. Tennessee, 421 F.2d 1384, 1386 (6th Cir. 1970) (citing Clark v. Washington, 366 F.2d 678 (9th Cir. 1966); Campbell v. Wash. State Bar Ass'n, 263 F. Supp. 991 (W.D. Wash. 1967)). Thus, to the extent that Plaintiff might be attempting to challenge the state court ruling, she also has no claim.

As Plaintiff has or had adequate state remedies relative to the condemnation of her property, she cannot invoke § 1983 to sue for negligence or the denial of due process.

Attenuated, insubstantial, or patently frivolous claims do not confer federal question subject matter jurisdiction. Hagans, 415

8

U.S. at 536-37, 94 S. Ct. at 1378-79. This complaint is devoid of jurisdiction and fails to state a claim upon which relief may be granted. Because these claims are inadequate to invoke this Court's subject matter jurisdiction, the action is DISMISSED pursuant to Fed. R. Civ. P. 12(h)(3). <u>Hagans</u>, 415 U.S. at 536-37, 94 S. Ct. at 1378-79; <u>Apple</u>, 183 F.3d at 479.

The Court must also consider whether Plaintiff should be allowed to appeal this decision <u>in forma pauperis</u>, should she seek to do so. The United States Court of Appeals for the Sixth Circuit requires that district courts in the Circuit determine, in all cases where the appellant seeks to proceed <u>in forma pauperis</u>, whether the appeal would be frivolous. Twenty-eight U.S.C. § 1915(a)(3) provides that "[a]n appeal may not be taken <u>in forma pauperis</u> if the trial court certifies in writing that it is not taken in good faith."

Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal <u>in forma pauperis</u> must obtain pauper status under Fed. R. App. P. 24(a). <u>See</u> <u>Callihan v. Schneider</u>, 178 F.3d 800, 803-04 (6th Cir. 1999). Rule 24(a) provides that if a party seeks pauper status on appeal, he or she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal <u>in forma pauperis</u>, the party must file her motion to

proceed in forma pauperis in the Court of Appeals. Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. Coppedge v. United States, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962). The test under 28 U.S.C. § 1915(a) for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous. Id. It would be inconsistent for a district court to determine that a complaint should be dismissed prior to service on the defendant, but has sufficient merit to support an appeal in forma pauperis. See Williams v. Kullman, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as devoid of jurisdiction and for failure to state a claim also compel the conclusion that an appeal would not be taken in good faith. It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff would not be taken in good faith and Plaintiff may not proceed on appeal in forma pauperis. Leave to proceed on appeal in forma pauperis is, therefore, DENIED. If Plaintiff files a notice of appeal, she must also pay the full $455 appellate filing fee or file a motion to proceed in forma pauperis and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within thirty (30) days.

IT IS SO ORDERED this 6th day of July, 2012.

                                                    s/ J. DANIEL BREEN
                                           UNITED STATES DISTRICT JUDGE